## Mixter *v.* Imperial Coal Co., Appellant.

[Marked to be reported.]

*Negligence—Master and servant—Evidence.*

In an action by an employee against his employer to recover damages for personal injuries, the mere fact of the accident is not enough to establish negligence. There must be additional and affirmative proof of the particular negligence which caused the accident.

*Defects in machinery—Knowledge by master.*

In order that an employer may be held liable to an employee for negligence arising from some defect in the machinery or appliances used by the employee at the time of the accident, it is not enough to show that the defect existed at the moment of the accident. It must also appear that the master had an opportunity of previous knowledge, or that the facts were such that he ought to have known of the defect.

In an action by a brakeman to recover damages for personal injuries, evidence that the brake was out of order at the time of the accident, and that the plaintiff was thereby unable to control the car, so that it ran away with him, is insufficient in itself to establish the negligence of the master.

*Practice in Supreme Court—New venire.*

Where an action against a master was tried upon an erroneous theory as to proof of negligence, no negligence in fact being proven, the Supreme Court will grant a new venire in the interest of justice, so that an opportunity may be afforded to show other facts, if there are such, tending to show the master's liability.

Argued Nov. 5, 1892. Appeal, No. 211, Oct. T., 1892, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1890, No. 513, on verdict for plaintiff, Samuel J. Mixter. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

At the trial, before STOWE, P. J., it appeared that plaintiff was an employee of defendant, a mining company; that on Saturday, May 11, 1889, plaintiff, while employed in letting a coal car down by gravity to the place where it was to be unloaded, was injured by the breaking of the chain which was used in operating the brake of the car. The car had been several days in the exclusive possession of defendant.

Plaintiff under objection and exception was permitted to show the condition of the car on Monday after the accident. [1]

Plaintiff presented this point:

" 1. That if under the evidence the jury find that the brakes on car No. 5 were out of order at the time of the accident, and that by reason thereof the plaintiff could not control the car, and it ran away with him, then the defendant was guilty of negligence, and if the injury to the plaintiff resulted therefrom, then the plaintiff is entitled to recover, unless the evidence shows that he was guilty of negligence contributory to the injury." Affirmed. [2]

Defendant's request for binding instructions was refused. [3]

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were, (1) ruling on evidence; (2, 3) instructions, as above ; quoting bill of exception, evidence and instructions.

*W. B. Rodgers, J. R. McCreery* with him, for appellant.—The testimony leaves the actual cause entirely to conjecture. Has plaintiff proven negligence ? The burden of proving negligence is upon those who allege it: P. & R. R. R. v. Hughes, 119 Pa. 301 ; Easton v. Neff, 102 Pa. 474; Huey v. Gahlenbeck, 121 Pa. 233.

An injury may occur from purely accidental causes in which no fault can be imputed to any one : P. & R. R. R. v. Hughes, 119 Pa. 301.

*M. A. Woodward* for appellee.—The car was in the same place, and in the same useless condition two days preceding the accident as it was on the day of the accident.

OPINION BY MR. JUSTICE GREEN, January 3, 1893 :

We are obliged to hold that the unqualified affirmance of the plaintiff's point was error. The point was put too broadly and affirmed the culpable negligence of the defendant upon insufficient facts. The plaintiff was an employee of the defendant company and was claiming to recover damages of his employer for a personal injury received in the course of his employment. We have many times held in such actions that the mere fact of the accident is not enough to establish negligence. There must be additional and affirmative proof of the particular negligence which caused the accident. Moreover, in order that an employer may be held liable to an employee for negligence when

the injury arises from some defect in the machinery or appliances in use by the plaintiff at the time of the accident, it is not enough to show that the defect existed at the moment of the accident.   Such defects may suddenly arise in the course of the use of the machinery or appliances, without any opportunity for the master to know of them, and unless there is something in the testimony indicating at least an opportunity of previous knowledge, or that the facts were such that the master ought to have known of the defect, the culpable negligence of the master is not established.   This subject was very fully considered in an opinion of our late Brother CLARK in the case of the Phila. & Read. R. R. Co. v. Hughes, 119 Pa. 301.   There a brakeman, stepping upon a defective brake in the course of his duty, fell to the ground and was thrown under the wheels and injured, and we held it was not enough to show merely these facts in order to recover, but that affirmative proof was necessary showing some negligence of the company which produced the defect, or an opportunity of knowing of its existence or an insufficient inspection, before liability would arise. We held the same doctrine quite recently in the case of Mensch v. Pa. R. R. Co., 150 Pa. 598, and we do not feel that we can safely depart from these and other rulings of the same kind.

The law upon this subject is very clearly stated in the opinion of Chief Justice SHARSWOOD in the case of Baker v. The Allegheny Valley R. R. Co., 95 Pa. 211, thus: "A servant assumes all the ordinary risks of his employment.   He cannot hold the master responsible for an injury which cannot be traced directly to his negligence.   If it has resulted from the negligence of a fellow servant in the same employment, he must look to him and not to the master for redress.   The master does not warrant him against such negligence.   The duty which the master owes to his servants is to provide them with safe tools and machinery where that is necessary.   When he does this he does not, however, engage that they will always continue in the same condition.   Any defect which may become apparent in their use, it is the duty of the servant to observe and report to his employer.   The servant has the means of observing any such defect which the master does not possess. It is not negligence in the master if the tool or machine breaks, whether from an internal original fault, not apparent when

the machine or tool was at first provided, or from an external apparent one, produced by time and use, not brought to the master's knowledge.   These are the ordinary risks of the employment which the servant takes upon himself: Ryan v. The Cumberland Valley R. R. Co., 11 Harris, 384."

In the present case the point presented by the plaintiff declared the liability of the master simply upon proof that the brake was out of order at the time of the accident, and that the plaintiff was thereby unable to control the car, so that it ran away with him.   These are not all the conditions which are requisite to establish the negligence for which a master is responsible to his servant, and therefore it was error to affirm the point without qualification.   In point of fact there was no proof of a defective brake at any moment prior to the happening of the accident, and whether there was such a state of circumstances as that the master might be held liable, we cannot discover from the facts in evidence as they now appear.

We sustain the second specification of error.   We do not sustain the first, because, although the testimony admitted would not be sufficient to establish liability of itself, yet it is near enough to the time of the accident to be some evidence as to what the defect, at that time, was.   When it is supplemented by proof of the other facts which are necessary to create liability, if there are such facts, it may have some tendency to show what was the cause of the accident.

In reference to the third assignment we can only say that, as the case in the court below seems to have been tried upon the erroneous theory developed in the plaintiff's point, it will best subserve the interests of justice to grant another trial, so that an opportunity may be afforded to exhibit other facts, if there are such, tending to show the defendant's liability. Were it not for this consideration we would have felt obliged to sustain the third specification of error.

Judgment reversed and new venire awarded.