Susanna Rehm, Appellant, *v.* Pennsylvania Railroad Co. and Wm. L. Scott & Co.

*Negligence—Railroads—Private employers—Defective car—Fellow servant—Nonsuit.*

Plaintiff's husband, for whose death suit was brought, was employed by a coal dealer in unloading coal cars into pockets on a trestle. On the day of the accident, the railroad company delivered a loaded car owned by the company at the works of the coal dealer. One brake of the car was missing, and the other defective. On one end of the car was written with chalk in large plain letters: "No brake," and on the other: "Bad brake." Through the negligence of another employee of the coal dealer, the car was placed in its defective condition on the trestle, and ran violently into the car in which plaintiff's husband was working, causing the

injury which resulted in his death.  *Held*, that neither the railroad company nor the deceased's employer was liable for his death.  The negligence was in placing the car in its defective condition upon the trestle, but the negligence was that of a fellow servant for which the employers were not liable.

Argued April 25, 1894.   Appeal, No. 392, Jan. T., 1894, by plaintiff, from judgment of C. P. Erie Co., Sept. T., 1892, No. 74, on verdict for defendants.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass for death of plaintiff's husband.   Before GUNNISON, P. J.

At the trial it appeared that plaintiff's husband was employed by W. L. Scott & Co. to unload coal cars into pockets on a trestle.   The trestle was about forty-one feet high and eight hundred feet long, with a slight grade to enable cars upon it to be moved by gravity.   The coal in the pockets was transferred by chutes into vessels on Lake Erie.   On July 13, 1891, a car loaded with coal was delivered at the works of Wm. L. Scott & Co.   One brake of the car was missing and the other defective.   On one end of the car was written with chalk in large plain letters: "No brake," and on the other: "Bad brake."   This car was drawn to the top of the trestle, and started down the incline by one of Scott & Co.'s employees.   Its motion could not be stopped because of the defective brakes, and it ran into the car in which plaintiff's husband was working, causing the injuries from which he died.   The car was owned by the railroad company.   There was no evidence that the trestle, cables and stationary engines owned by Scott & Co. were defective.

The court, under objection and exception, refused to admit evidence that other cars than the one which caused the accident, and which were marked " bad brakes " and " no brakes " were taken on to the trestle by defendants before the accident, to prove that defendants did not show due diligence in selecting their cars that were placed on the trestle. [1]

The court entered a compulsory nonsuit and subsequently refused to take it off.

*Errors assigned* were (1) ruling on evidence; (2) refusal to take off nonsuit; quoting bill of exception.

*S. M. Brainerd, Geo. H. Higgins* with him, for appellant, cited : Davis v. Corry City, 154 Pa. 598; Bucklin v. Davidson, 155 Pa. 362; Godley v. Hagerty, 20 Pa. 387; Iron Works v. Barber, 102 Pa. 162; Tissue v. R. R., 112 Pa. 91; Phila. R. R. v. Huber, 128 Pa. 63; McCombs v. Ry., 130 Pa. 182; Ross v. Walker, 139 Pa. 48; Lewis v. Seifert, 116 Pa. 628; 7 A. & E. Ency. L. 824; Patterson v. R. R., 76 Pa. 389; Kehler v. Schwenk, 151 Pa. 505; Anderson v. Oliver, 138 Pa. 156.

*J. Ross Thompson, F. F. Marshall* with him, for appellees, cited: Anderson v. Oliver, 138 Pa. 156; McMullen v. Carnegie Bros. & Co., Ltd., 158 Pa. 518; act of April 4, 1868, P. L. 714; Kirby v. Penna. Co., 76 Pa. 506; Spisak v. R. R., 152 Pa. 281; Baker v. R. R., 95 Pa. 211; R. R. v. Schertle, 97 Pa. 450; Reading Iron Works v. Devine, 109 Pa. 246; R. R. v. Fries, 87 Pa. 234; Fox v. Borkey, 126 Pa. 164; Burrell v. Gowan, 134 Pa. 527; Ballard v. Ry., 126 Pa. 141; Johnston v. R. R., 114 Pa. 443.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894:

Upon the trial there was no evidence of negligence upon the part of the Pennsylvania Railroad Company. It delivered a car loaded with coal at the works of Wm. L. Scott & Co. One brake of the car was missing and the other defective. On one end of the car was written with chalk in large plain letters : "No brake," and on the other : "Bad brake." There was no evidence that this car had been started on its journey in a defective condition, nor as to when or where the injury to the brakes occurred. It was delivered on the siding, and its defects distinctly marked in order that any one who handled it might have notice of them. The person injured was not in the company's employ, and had no relations with it. The ground of recovery against it as set out in the plaintiff's statement was the failure to furnish an employee with safe machinery, and the testimony wholly failed to establish the allegation.

A somewhat different question arose as to the liability of Scott & Co., and this also we think was properly decided by the learned judge. Scott & Co. were engaged in shipping coal. To facilitate its loading into vessels they had built a trestle some forty feet high and eight hundred feet long, with pockets for

the reception of coal beneath. The loaded cars received from different railroads were drawn up one end of this trestle and unloaded into the pockets. The top of the trestle, on which the tracks were laid, had a slight incline so that the cars passed down by gravity, and their speed was regulated by means of the brakes. The car in question was drawn to the top and started down the incline. Its motion could not be stopped because of the defective brakes, and it ran into the car in which the plaintiff's husband was engaged in shoveling coal, causing the injuries which resulted in his death.

The cars were the property of the railroad company that delivered the coal. They were not a part of the machinery of the defendants, used in their business. As was said by the learned judge in granting the motion for a nonsuit, they were the things worked upon, not the things worked with.

The machinery and appliances of Scott & Co. were the stationary engines and cables and the trestle with its tracks and bins. By means of these the cars received were handled and unloaded. The duty of making them reasonably safe and suitable, and of so maintaining them, was primary and imperative, and one which could not be delegated by an employer except at his peril.

This duty however did not extend to the thing received and to be handled by means of their machinery and appliances. They did not furnish that; it was not a part of their plant. It was the thing to be operated upon by their employees with the aid of their machinery. It was manifestly negligent to place the car in its defective condition on the trestle, but the negligence was that of a fellow servant, for which the employers were not liable.

It was said in Anderson v. Oliver, 138 Pa. 156 : "A laborer at a furnace, who, while unloading a railroad car in the course of his employment, was injured in consequence of a defective brake thereon, the car being owned by a railroad company and having been delivered by it to the furnace in a defective condition, cannot recover damages for such injury from his employer."

To the same effect are the decisions in Mixter v. Imperial Coal Co., 152 Pa. 395, and McMullen v. Carnegie, 158 Pa. 518.

The judgment is affirmed.