# Weaver, Appellant, *v.* Wohlsen.

*Negligence—Master and servant—Proof of negligence—Defective ladder—Fall—Nonsuit.*

1. Where an employee institutes proceedings for damages based upon negligence upon the part of his employer it is not sufficient to entitle him to recover by merely proving the fact of an accident and consequent injury. There must be affirmative proof of a negligent act of either omission or commission on the part of the employer which was the cause of the accident.

2. In an action by an employee against an employer where the alleged negligence is due to defects in tools, machinery or appliances used in the course of the employment, plaintiff does not meet the burden of proof cast upon him of establishing negligence upon the part of his employer by merely showing an existing imperfection at the moment of the accident; it must be shown further that the master was aware of the flaw or would have known of it if reasonable and proper inspection had been made.

3. Where a defect arises in the course of the use of tools or appliances the master is not responsible for such defect in the ab-

sence of proof of sufficient time and opportunity to discover the flaw.

4. In an action by an employee against a building contractor to recover damages for injuries sustained as a result of a fall from a ladder induced by a defective rung upon which plaintiff was standing and which gave way, a compulsory nonsuit was properly entered where there was no evidence to show when the rung which caused plaintiff's fall became loose, and no other evidence, either actual or constructive, of notice to the defendant of any defect either in the material used or in its construction, and particularly where it appeared that others of defendant's employees had used the ladder with safety shortly before the accident.

Argued May 15, 1916.    Appeal, No. 225, Jan. T., 1915, by plaintiff, from judgment of C. P. Lancaster Co., Sept. T., 1912, No. 34, refusing to take off compulsory nonsuit in case of Jacob C. Weaver v. Herman Wohlsen.    Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before LANDIS, P. J.

The accident took place on Dec. 19, 1911.    Further facts appear by the opinion of the Supreme Court.

The lower court entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.                .

   *B. F. Davis,* for appellant.

   *William H. Keller,* with him *John A. Coyle,* for appellee.—There was no proof of negligence on the part of the defendant: Hotchkin v. Erdrich, 214 Pa. 460; Baker, et al., v. Allegheny Valley R. R. Co., 95 Pa. 211; Ehni v. National Tube Works Co., 203 Pa. 186; Mixter v. Imperial Coal Co., 152 Pa. 395; Masterson v. Eldridge, 208 Pa. 242; Nuss v. Rafsnyder, 178 Pa. 397; Auburn v. National Tube Works Co., 14 Pa. Superior Ct. 568;

Dooner v. Pres., Mgrs., etc., of the Delaware & Hudson Canal Co., 171 Pa. 581; Stitzel v. A. Wilhelm Co., 220 Pa. 564.

There is no liability on the part of the employer where the employee selects the materials: Crawford v. Stewart, 19 W. N. C. 48; Keystone Bridge Co. v. Newberry, 96 Pa. 246; Toohey v. Equitable Gas Co., 179 Pa. 437; Finan v. Sutch, 220 Pa. 379; Ross v. Walker, 139 Pa. 42.

The plaintiff was guilty of contributory negligence: Fulford v. Lehigh Val. R. R. Co., 185 Pa. 329; Cisney v. Penna. Sewer Pipe Co., 199 Pa. 519; Fritchle v. Steel City Elec. Co., 251 Pa. 513.

OPINION BY MR. JUSTICE FRAZER, July 1, 1916:

This was an action by an employee against his employer to recover damages for personal injuries received during his employment. The court below directed a compulsory nonsuit, which it subsequently refused to take off. The facts shown by the testimony are as follows: Plaintiff, a carpenter, was employed by defendant, a contractor and builder, who had a contract for the alteration of a building occupied by the Lancaster Trust Company in the City of Lancaster. In the course of his employment plaintiff was directed by the foreman to make certain alterations in a window frame, the bottom of which was about thirty feet above the floor, and the top some fifteen feet higher. To comply with the directions of the foreman plaintiff secured the tools necessary to be used in the work, and, carrying them in one hand and using the other for support, proceeded to ascend the ladder leading to the window. Upon reaching a point about thirty-five feet above the floor, one of the rungs of the ladder gave way, causing him to fall to the floor below and receive the injuries for which this action to recover compensation was brought. The ladder consisted of three sections made by other employees engaged on the building, the first two being each sixteen feet in

length, made of uprights of three by four material with strips of board one inch by two inches for rounds nailed to the uprights at intervals of ten inches. The third or upper section, the one from which plaintiff fell, was an old ladder previously used by other workmen employed around the building and was procured by plaintiff from a pile of material in the building and spliced to the other two sections by himself and three fellow workmen with pieces of material also found in the building, and so far as appears from the evidence each section was properly constructed and the ladder as a whole appeared to be substantial and safe. There is no evidence to show when the rung that caused plaintiff's fall became loose and in an unsafe condition. The ladder had been used in safety by plaintiff the day previous to the accident and by other employees immediately before plaintiff fell. Neither is there evidence of a complaint on the part of employees that the ladder was in a dangerous or insecure condition, nor evidence to indicate defendant had either actual or constructive notice of any defect in either the material used in its construction or the manner in which it was constructed. Under these circumstances there was no proof of negligence on the part of defendant and the action of the court below in entering a nonsuit was proper.

It is undoubtedly the rule that a master is bound to furnish his servant with a reasonably safe place in which to work and also with proper tools and appliances. This duty is an absolute one from which nothing but performance can relieve him and a person to whom the duty may be delegated becomes a vice-principal whose negligence is that of the employer. But where an employee institutes proceedings for damages based on negligence upon the part of his employer, it is not sufficient to entitle him to recover merely to prove the fact of the accident and consequent injury. There must be affirmative proof of a negligent act either of omission or commission on the part of the employer, which was the cause of the accident. Where the alleged negligence is due to

defects in tools, machinery or appliances, used in the course of the employment, plaintiff does not meet the burden cast upon him of establishing negligence upon the part of his employer merely by showing an existing imperfection at the moment of the accident. It must be shown further that the master was aware of the flaw or would have known of it if reasonable and proper inspection had been made. Where a defect arises in the course of the use of tools or appliances the master is not responsible for such defect in absence of proof of sufficient time and opportunity to discover the flaw. Such incidental dangers arising during the course of employment are risks which the servant takes upon himself. He has better means of observing the imperfection, than has the master and it is his duty to use proper care to discover them, and when discovered report them to his employer: Baker v. Allegheny Valley R. R., 95 Pa. 211; Mixter v. Imperial Coal Co., 152 Pa. 395; Ehni v. National Tube Works Co., 203 Pa. 186.

The judgment of the court below is affirmed.