# Cunningham v. Fort Pitt Bridge Works.

*Negligence—Master and servant—Instruction as to work.*

The moving of heavy and unwieldy pieces of iron on their edge, is a
kind of work which needs no special instruction, and if a man who had
been used to such work as a laborer and a railroad hand, is killed while
engaged in it, it cannot be alleged that his employer was negligent in not
giving him instructions in regard to it.

*Negligence—Defective material—Fellow-servant.*

Where a workman engaged in moving heavy pieces of iron on skids is
killed while engaged in such work, his employers cannot be charged with
negligence because the skids were defective in their construction, where
it appears that the materials were selected, and the skids built by the

" shipping gang " of which the deceased was a member, on very general orders from the superintendent which did not limit the materials or the mode of construction.

*Negligence—Master and servant—Safe appliances.*

The rule that the unbending test of negligence in methods, machinery and appliances is the ordinary usage of the business, means that it is the test to disprove negligence, not to prove it. The party charged with negligence disproves it by showing that the tools he employed were those in general use in the business, but the converse does not follow.

In an accident case brought by a wife for the death of her husband killed while moving girders in an iron works, evidence was offered by the plaintiff and admitted that moving heavy girders by hand was not the usual way in the business, and that they should be moved by crane or other machinery. The court in its charge to the jury said : " We leave it to you to say under all the evidence in the case . . . . whether the method of handling the structural iron by hand, shifting it by hand in the way it was shifted was the ordinary method used under all the circumstances of the case and whether all the machinery and methods and appliances connected with the moving of these iron beams were such as were ordinarily used in the business generally for such work." *Held*, that this instruction was erroneous, inasmuch as it might easily be construed by the jury as authorizing them to find negligence from the bare fact that the method was not in general use.

There should always be a caution against such a construction and the evidence should not in the first instance be admitted on behalf of the plaintiff unless it tends to show that the method pursued was not only unusual, but more dangerous in itself than the ordinary one.

Argued Oct. 16, 1900. Appeal, No. 67, Oct. T., 1900, by defendant, from judgment of C. P. Washington Co., Nov. T., 1899, No. 13, on verdict for plaintiff, in case of Annie Cunningham, Administratrix of James E. Cunningham, deceased, v. Fort Pitt Bridge Works. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass for death of plaintiff's husband. Before Taylor, J.

At the trial it appeared that James Cunningham, plaintiff's husband died as the result of injuries received on September 27, 1898, while at work moving heavy structural iron in defendant's iron works. The action was originally brought by James E. Cunningham who died, and his widow as his administratrix was substituted as plaintiff.

The circumstances of the accident are set forth in the opinion of the Supreme Court:

The court charged in part as follows :

[But in their declaration they allege that the methods used for shifting this iron, and the machinery and appliances that they used, were not such as are in ordinary usage in the business for that kind of work ; in other words that they were inadequate for shifting in this manner beams of this size by hand, and that the company was imposing some duty upon this shifting gang here, the plaintiff claiming that five were insufficient to handle these beams in the manner they were to be handled with safety to themselves, and therefore they claim the company owed a higher duty to these employees to furnish them different machinery or different appliances or employ different methods, and that what they did and furnished was not exercising the ordinary care under the circumstances that the law places upon the employer to protect the lives and persons of its workmen.] [3]

[We leave that to you to say under all the evidence in this case, applying the rules and principles of law we have given you, whether or not, this defendant company did, in the erection of these skids, erect skids there at their cost and expense and under their direction that were suitable and able to stand the work they were called upon to stand,—the stress, such as they were called upon to bear on the occasion when James Cunningham was hurt, and whether the method of handling this structural iron by hand, shifting it by hand in the way it was shifted, was the ordinary method used under all the circumstances of the case, and whether all the machinery and methods and appliances connected with the moving of these iron beams were such as were ordinarily used in the business generally for such work.] [4]

The defendant presented this point:

1. That under the pleadings and evidence in this case the verdict of the jury must be for the defendant. *Answer :* That is refused, because it would result, if affirmed, in taking it away from you. We think the facts in this case are for you to determine.

Verdict and judgment for plaintiff for $5,500. Defendant appealed.

*Errors assigned* among others were (3–5) above instructions, quoting them.

*John D. Brown*, with him *John W. & A. Donnan*, for appellant.—The moving of iron on the skids was part of the regular duties of the shipping gang, and work with which they were familiar. The danger, if any existed in attempting to move the beams, was as obvious to them as to the defendant company and its officers.

The plaintiff cannot recover, for the evidence is clear that there was abundant material for all these purposes on the ground suitable for the requirements, and plenty of good substantial rope, out of which the members of the shipping gang had opportunity to choose. They built the skids themselves, without any interference or direction on the part of any officer of the company, and under the direction of Hartford, the foreman, who was a man of experience in the building of skids : Ross v. Walker, 139 Pa. 42; Prescott v. Ball Engine Co., 175 Pa. 459; Hart v. Frick Coke Co., 131 Pa. 125.

The plaintiff himself was required to do in his own interest and for his own protection all that any reasonably prudent man would do. If he failed in that, and thereby sustained an injury, he cannot recover: Fennell v. Harris, 184 Pa. 578.

In Keenan v. Waters, 181 Pa. 247, it was held that an employer is not bound to provide the safest machinery or the most approved appliances. If the machinery be of an ordinary character, such as can with reasonable care be used without danger to the employee, it is all that can be required of the employer: Augerstein v. Jones, 139 Pa. 183.

*Albert S. Sprowls, A. G. Braden* and *C. W. Campbell*, for appellee.—As it was averred in the statement that the appliances and fixtures were insecure and defective, it was, in substance, held that evidence tending to show that they were improperly built was admissible. In this no error was committed: Oldfield v. N. Y. & Harlem R. R. Co., 14 N. Y. 310; Edgerton v. N. Y. & Harlem R. R. Co., 39 N. Y. 230; Valentine v. Colburn, 10 Pa. Superior Ct. 453.

The duty is on the employer to furnish his employees reasonably safe appliances with which to do the work assigned to them: Bannon v. Lutz, 158 Pa. 174.

The testimony adduced by the plaintiff shows that not only the safe, but the usual way to move girders or beams such as

required by the defendant to be moved by the plaintiff and his colaborers was by crane or machinery. This the defendant denied, claiming in substance, that the skids were such as were usually used in cases of the kind, and that it was customary in defendant's as well as other mills, to handle such beams or girders in the way they were handled at the time of the accident.

A question of fact is thus raised which it was not the province of the court to decide, but must be submitted to the jury: P. W. & B. R. R. Co. v. Keenan, 103 Pa. 124; Kehler v. Schwenk, 151 Pa. 505; Cougle v. McKee, 151 Pa. 602; Bonner v. Pittsburg Bridge Co., 5 Pa. Superior Ct. 281.

OPINION BY MR. JUSTICE MITCHELL, January 7, 1901:

The facts as to how the accident occurred are practically undisputed. A number of iron flooring beams had been stored on one end of a pair of skids and it was desired to move them to the other end. They were something less than a ton each in weight, large and unwieldy in shape, being about fourteen feet long, from five to seven feet high, and stood upon edge on a flange which gave a base of five to seven inches according to different witnesses. There were eighteen of them in all, and to secure them in place they had been tied with rope to two upright pieces or standards at the end of the skids. They were moved by untying each one in succession and sliding it separately along the skids by hand " inching " it as one witness called it. Twelve of them had been safely shifted in this manner and the thirteenth was being moved, when from some cause not explained, one or more of the five which still remained, and which had only been tied to one of the uprights, tilted or fell over from its standing position, and breaking the upright by the strain fell on the deceased.

We have looked through the evidence in vain for any negligence of the defendant. It is said that the deceased was inexperienced in such work and received no instruction in regard to it. None was necessary. The work was plain for all men to see. There was no hidden or latent danger that required instruction to avoid. That the moving of heavy and unwieldy pieces of iron on their edge was an operation requiring care to prevent any of them from falling over on the workmen was plain to any man of the most ordinary intelligence. The de-

ceased had worked as a laborer and a railroad hand, work of the same general kind as this, and the fact that the girders were larger and heavier than usual did not change the nature of the work.

It is further said that the skids were defective in their construction. But for that the defendant is not responsible. The materials were selected and the skids built by the "shipping gang" of which the deceased was a member, under very general orders from the superintendent which did not limit the materials or the mode of construction.

Evidence was offered on the part of plaintiff and admitted that moving such heavy girders by hand was not the usual way in the business, and that they should be moved by a crane or other machinery. The evidence fell far short of showing that moving by hand was not usual, but even if it had come fully up to the offer, it was introduced and submitted to the jury from an incorrect point of view. It was held in Titus v. Bradford, etc., R. R. Co., 136 Pa. 618, that an employer performs his duty when he furnishes appliances "of ordinary character and reasonable safety, and the former is the test of the latter, for in regard to the style of the implement or nature of the mode of performance of any work, 'reasonably safe' means safe according to the usages, habits and ordinary risks of the business. Absolute safety is unattainable, and employers are not insurers. They are liable for the consequences, not of danger but of negligence; and the unbending test of negligence in methods, machinery and appliances is the ordinary usage of the business." This it must be observed is the test to disprove negligence not to prove it. The party charged with negligence disproves it by showing that the tools he employed were those in general use in the business, but the converse does not follow. The party charging negligence does not show it by showing that the machinery was not in common use. If it should be so held, the use of the newest and best machine if not yet generally adopted, could be adduced as evidence of negligence. Our attention has been drawn recently to a tendency to this misapplication of the principle, on the part of counsel, and even the courts. In the present case the learned judge below, in a very clear and excellent charge stated the true rule in behalf of defendant, that it "cannot be held responsible if something

happens to an employee in its employment, where the manner and machinery and methods and appliances are alleged to have been defective, when it is shown they are the ordinary methods, machinery and appliances used in that kind of work and business." But he unguardedly followed this by summing up thus : " We leave it to you to say under all the evidence in the case . . . . whether the method of handling the structural iron by hand, shifting it by hand in the way it was shifted was the ordinary method used under all the circumstances of the case, and whether all the machinery and methods and appliances connected with the moving of these iron beams were such as were ordinarily used in the business generally for such work." This might easily be construed by the jury as authorizing them to find negligence from the bare fact that the method was not in general use. There should always be a caution against such a construction, and the evidence should not in the first instance be admitted on behalf of the plaintiff unless it tends to show that the method pursued was not only unusual but more dangerous in itself than the ordinary one.

As already said, the circumstances of the accident are practically undisputed. From them it is clear that the immediate cause was the failure to keep the girders that were not yet moved, securely tied to both the uprights, or the failure to make the uprights sufficiently strong. But even on plaintiff's view, that defective construction of the skids themselves contributed to it, we fail to find evidence of any negligence in the case that was not that of coemployees. The jury therefore should have been directed to find a verdict for the defendant.

Judgment reversed.