## Rinehuls *v.* Ely, Appellant.

*Negligence—Master and servant—Safe place to work—Railroads—Brakemen—Appliance on freight cars—Charge of court.*

1. The business of a brakeman of a railroad company is essentially one in which anything like absolute safety can never be obtained. It is the duty of his employer to furnish him a reasonably safe place to work, subject to such risks and dangers as are necessarily incident to his employment; but this is all that can be supplied, and it is error for the court in a negligence case to charge the jury that the railroad company is bound to furnish the brakeman a safe place to work.

2. It is not an accurate definition of the duties of a master to his servant to say that he must furnish a safe place to work and safe tools with which to work. Employers are only required to furnish a reasonably safe place in which, and reasonably safe tools with which to work. The distinction is based on substantial grounds. The law does not require that the master shall be an insurer of the safety of his servants.

Argued October 9, 1913. Appeal, No. 217, October T., 1913, by defendant, from judgment of C. P. Armstrong Co., March T., 1913, No. 180, on verdict for plaintiff in the case of Lulu Rinehuls v. Van Horn Ely, Receiver of the Western Allegheny Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before CAMERON, J., specially sitting.

The court in its answer to points charged the jury, inter alia, as follows:

"First.—The Western Allegheny Railroad Company was required to furnish Cecil Rinehuls, being one of its own brakemen, with a safe place to work, and to maintain such place in a safe condition by a reasonably careful inspection, and to repeat such inspection as frequently as necessary, having regard to the exigencies and risks of the business."

"Answer.—We affirm that point."

"Sixth.—The duty to furnish a safe place to work encumbent upon the Western Allegheny Railroad Company, and to maintain such place in a safe condition by reasonable inspection, repeated as frequently as necessary, having regard to the exigencies and risks of the business, such duty is an absolute one, and the defendant railroad company could not be relieved from performing such duty by delegating the duty to its servants or employees."

"Answer.—That is affirmed."

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $12,000. Defendant appealed.

*Errors assigned* were, among others, the above instructions to the jury.

*John S. Wendt* and *H. A. Heilman,* for appellant.

*C. E. Harrington,* with him *Harry C. Golden,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

In this action the plaintiff sought to recover damages for the death of her husband, alleged to have been caused by the negligence of the railway company. The specific negligence charged was failure to adequately

inspect a freight car of another railroad which was brought upon its line. It is alleged that a grab iron upon the car became loosened at one end, and gave way under the weight of plaintiff's husband, who was a brakeman engaged in helping to move the train; with the result that the brakeman fell upon the track and was killed. It was contended that a careful inspection of the car, made at the proper time and place, prior to the accident, would have disclosed the fact that the fastening of the grab iron was insecure, and that the accident might thus have been prevented. As to this aspect of the case, the question to be determined was whether or not the railway company had discharged its duty of making a complete and proper inspection of the car in question, through a competent inspector, acting under proper rules and instructions. If from the character of the defect, taken in connection with the circumstances of the accident, the defect should have been discovered by proper inspection, and by means of the usual and ordinary tests, then the railway company was chargeable with knowledge of the defect. But in charging the jury, the trial judge was induced to go much farther than this. In answering the first, sixth and seventh points for charge presented by counsel for plaintiff, he was led into error. In these points the jury were instructed that the railroad company was bound to furnish Cecil Rinehuls, one of its brakemen, with a safe place to work and to maintain such place in a safe condition by a reasonably careful inspection, etc. In the seventh point this was asserted as an absolute duty upon the part of the company. The difficulty with the instructions is that they go too far. It is impossible to give to a brakeman engaged in helping to make up and operate a moving freight train, a safe place to work. Such occupation is at best, from its very nature hazardous, and subject to unusual risks. It is essentially a business in which anything like absolute safety can never be attained. A reasonably safe place

to work, subject to such risks and dangers as are necessarily incident to the employment, is all that can be supplied. In order to provide this, a careful inspection of the cars and of the attachments and appliances with which the employees work and to which they must intrust their lives and limbs, is necessary. Failure to make such inspection is negligence for which the employer is most properly to be held responsible. But to charge the jury as the trial court was led to do in this case, that under such circumstances, it is the duty of the railway company to furnish to its brakemen a safe place to work, is to practically make it an insurer of the safety of the employee. The error of such an instruction is thoroughly discussed by our Brother ELKIN in Powell v. Am. Sheet and Tin Plate Company, 216 Pa. 618, where he says: "It is not an accurate definition of the duty of a master to his servant to say that he must furnish 'a safe place to work and safe tools with which to work.' Employers are only required to furnish a reasonably safe place in which, and reasonably safe tools with which to work. The distinction is based on substantial grounds...... When we say it is the absolute duty of an employer to furnish a safe place, a jury might very properly conclude that the master was under the law as thus defined, an insurer of the safety of his servants. Such is not the law." Various cases are cited sustaining this view, including Welch v. Stone Co., 215 Pa. 34; Service v. Shoneman, 196 Pa. 63; Titus v. Railroad Company, 136 Pa. 618.

Because the instructions of which complaint is made in the seventh, ninth and tenth assignments are too broad, and placed upon the defendant company a higher standard of responsibility than the law requires, these assignments are sustained, and the judgment is reversed with a venire facias de novo.