# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Rinehuls *v.* Ely, Appellant.

*Negligence—Master and servant—Railroads—Brakeman—Contributory negligence—Boarding moving train.*

1. In an action to recover damages for the death of plaintiff's husband, a brakeman employed by defendant railroad company, the case was for the jury where it appeared that decedent was killed in consequence of a fall from a car, caused by the loosening of a defective grab iron which a proper inspection would have disclosed, although he had boarded the car while it was moving.

2. It cannot be held as a matter of law that a brakeman is guilty of contributory negligence in boarding a moving train in the manner usual among railroad men.

*Practice, C. P.—Trials—Remarks of counsel—Motion for continuance.*

3. In the second trial of a case, it was not error for the trial judge to refuse a motion for continuance because counsel for plaintiff said, within the hearing of the jury, that the defendant had admitted the earnings of plaintiff's decedent upon the former trial, and he had not expected a denial, where proof of the earnings was subsequently made, and it did not appear that the verdict was influenced by the remark.

Argued Oct. 2, 1914. Appeal, No. 160, Oct. T., 1914, by defendant, from judgment of C. P. Armstrong Co., March T., 1913, No. 180, on verdict for plaintiff in case of Lulu Rinehuls v. Van Horn Ely, receiver of the Western Allegheny Railroad Company. Before FELL, C. J.,

VOL. CCXLVII—1            (1)

MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before KING, P. J.·

The facts appear in the opinion of the Supreme Court and in Rinehuls v. Ely, 242 Pa. 537.

Verdict for plaintiff for $11,488 and judgment thereon. Defendant appealed.

*Errors assigned* were various assignments referred to in the opinion of the Supreme Court.

*H. A. Heilman,* with him *John H. Painter,* for appellant.

*C. E. Harrington,* with him *Harry C. Golden,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

The opinion of this court rendered in a former appeal in this case, is reported in 242 Pa. 537. A judgment for the plaintiff was there reversed, solely by reason of erroneous instructions to the jury, as to the duty of defendant to furnish to its employees, a reasonably safe place in which to work. We were then of the opinion that the case was for the jury, and that binding instructions in favor of the defendant were properly refused. The record, as now before us, presents substantially the same evidence as that which appeared in the former appeal, and shows nothing which would have justified binding instructions. In the second, third, fourth, fifth and sixth assignments of error now presented, complaint is made that the trial court erred in instructing the jury on the subject of contributory negligence. The trial judge could not have properly said, as matter of law, that it was contributory negligence for a freight brakeman to board a train while it was moving. This was expressly

held in Stewart v. Central R. R. of N. J., 235 Pa. 311, where our Brother MOSCHZISKER said (p. 319): "The plaintiff, in......mounting the train while in motion, was only acting in a manner usual to railroad men so employed. All of the questions concerning the alleged negligence of the defendant and the contributory negligence of the plaintiff were for the jury." Counsel for appellants also contend here, that plaintiff's husband contributed to the accident by crossing the track and mounting the car on the right hand, or engineer's side, instead of getting on at the left hand, or fireman's side, where he was, and where there was a ladder, which he might have climbed in safety. It appears, however, from the evidence that three of plaintiff's witnesses, McGovern, Mann and Kells, testified that the engineer's side was the usual and proper place for the brakeman to work, for the reason that on that side he was able to give signals directly to the engineer. Two of these witnesses also testified, that it was the usual and customary practice among railroad men in the yards, while engaged in switching cars, to hold on to the "grab-iron" and ride with their feet on the journal box, in the same way in which Rinehuls was riding when, as is alleged the "grab-iron" came loose, and caused him to fall from the car. Under this evidence, the question of plaintiff's contributory negligence, was for the jury. It appears also that evidence was offered, which tended to show that the proximate cause of the accident was the insecurity of the "grab-iron," rather than the place where, or the manner in which Rinehuls rode. The seventh assignment of error, which relates to the admission of alleged incompetent evidence, was not pressed in the argument. The eighth assignment of error, is to the exclusion of a rule of the defendant company, which was offered in evidence. The question intended to be raised by this assignment, is not referred to in the statement of questions involved, nor in the argument of counsel. We will not consider it here. In the ninth assignment of error, complaint is

made of the refusal of the trial judge to withdraw a juror and continue the case, because one of plaintiff's counsel said in the hearing of the juror, that, "the defendant had admitted in the former trial the earnings of this plaintiff's decedent, and that he never expected us to deny it at the present time." In referring to this matter, in his opinion discharging the rule for a new trial the court below said: "Whether this remark was heard by the jury or not, we do not know, but incline to believe that it was. However, proof of the earnings of the deceased was subsequently made, and we cannot see that the remark had a tendency to influence the jury in the slightest." We do not feel that anything needs to be added to what the trial judge said upon this point. In the tenth assignment, complaint is made of a portion of the charge relating to the question of negligence. With reference to the subject, the trial judge instructed the jury in part, as follows: "You will determine from a careful consideration of all the evidence in the case, whether this defendant railroad company discharged its full duty to make a reasonable, proper, careful and adequate inspection of this car, and its appliances and attachments, before the accident, at a proper time or times, and at a proper place or places, by competent inspectors, or by a competent inspector, acting under proper rules and instructions. If it did not, then you would be justified in finding that it was negligent in this respect." In this instruction we see no error. It seems to be quite in accordance with what this court indicated as being the law of the case, when it was here upon the former appeal There was evidence that the "grab-iron" became loose at one end, when Rinehuls took hold of it; that after the accident it was found hanging vertically; that there was a hole in the wood of the car, where the bolt which secured the "grab-iron" had been, which showed more or less signs of decay, and that this condition was such as might have been discovered beforehand, by the exercise of reasonable care and diligence in inspecting the car.

The trial judge cannot be justly charged with error in his instructions to the jury upon this point. Counsel for appellant also suggest that adequate instructions were not given, with respect to the effect of the Carlisle Tables, which were offered in evidence. There is no assignment of error which raises any question either as to the Carlisle Tables, or as to the matter of damages. It is argued that the verdict is excessive, and that the judgment should be reversed for that reason. But here again the question of an excessive verdict is not included either in the statement of questions involved, or in the assignments of error. The trial judge considered this matter in his opinion refusing a new trial, and reached the conclusion that the verdict was justified by the evidence. We see no convincing reason to differ with him in this respect. The charge of the court was clear and comprehensive, and fully set forth defendant's theory of the case. In view of the fact, that of the points presented by counsel for defendant, nine of them were affirmed by the trial judge, it is difficult to discover any basis for the suggestion that the charge as a whole was inadequate.

The assignments of error are all overruled, and the judgment is affirmed.