# McFadden *v.* City of Philadelphia, Appellant.

*Negligence—Freight elevator—Customary use by employees—Contributory negligence — Proximate cause — Effort to escape danger—Case for jury—Evidence—Relevancy.*

1. In an action against an employer to recover damages for death of plaintiff's husband, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that at

the. time of the accident decedent was riding on a turntable on a freight elevator, under defendant's control and customarily used by defendant's employees, that while the elevator was in transit the turntable, due to defects in the elevator of which deceased was ignorant, tilted and swayed and plaintiff was killed in an effort to escape the apparent danger.

2. In such case the fact that decedent would not have been injured if he had not attempted to escape from the elevator, is not material, where it appeared that he was in good faith endeavoring to escape an apparent danger.

3. In such case, where it appeared that no method was provided by which the elevator could be stopped in transit by the men riding thereon, and that such lack of control increased the danger to men riding on the elevator, the trial judge made no error in admitting evidence to show that such method was not that in customary use.

Argued Jan. 5, 1915. Appeal, No. 140, Jan. T., 1914, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1912, No. 4843, on verdict for plaintiff in case of Mary McFadden v. City of Philadelphia. Before BROWN, C. J., POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v. and rulings on evidence.

*Joseph A. Dolan,* Assistant City Solicitor, with him, *Alfred J. Niles,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.—The deceased assumed the risk of riding on the elevator of the dangers of which he was aware: Welch v. Carlucci Stone Co., 215 Pa. 34; Alexander v. Pennsylvania Water Co., 201 Pa.

252; Smith v. Philadelphia Traction Co., 202 Pa. 54; Cracraft v. Bessemer Limestone Co., 210 Pa. 15; Meixner v. Philadelphia Brewing Co., 210 Pa. 597.

There was a safer means provided for getting from the cellar to the boiler-room and the doctrine that a man is not responsible for his actions when placed in a position of sudden peril does not apply: Aiken v. Pennsylvania R. R. Co., 130 Pa. 380; Schmidt v. Philadelphia & Reading R. R. Co., 149 Pa. 357; Ham v. Delaware & Hudson Canal Co., 155 Pa. 548; Ihrig v. Erie R. R. Co., 210 Pa. 98; Baldwin v. Urner, 206 Pa. 459; Danisch v. Amer, 214 Pa. 105; Kuhns v. Frick Coke Co., 216 Pa. 385.

The testimony shows that deceased was warned not to use the elevator: Martin v. Niles-Bement-Pond Co., 214 Pa. 616.

The defendant's negligence, if it existed, was not the proximate cause of the accident: Christner v. Cumberland & Elk Lick Coal Co., 146 Pa. 67; Ubelmann v. American Ice Co., 209 Pa. 398. The evidence that the elevator was of a type different from any other elevator was inadmissible: Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; Smith v. Philadelphia Traction Co., 202 Pa. 54.

*T. R. White,* with him *Wm. J. Elliott,* for appellee.— The deceased was rightfully upon the elevator because he was invited to ride thereon in the discharge of his duties and because no other practicable method was provided by which he could pass from the cellar to the boiler-room, and the city owed him the duty of reasonable care: Reed v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 243 Pa. 562; Penna. Coal Co. v. Nee, 13 Atlantic Repr. 841; Springer v. Ford, 189 Ill. 430; 52 L. R. A. 930; Daley v. Amer. Printing Co., 152 Mass. 581; Taylor, Bastrop & Houston Co. v. Taylor, 79 Texas, 104, 115, 116; O'Brien v. Sullivan, 195 Pa. 474. The deceased was not guilty of contributory negligence in attempting to get off the elevator, because he was

frightened by the tilting of the coal car and considered that he was in a position of sudden peril. It is not material that the danger did not actually exist: Vallo v. U. S. Express Co., 147 Pa. 404; Centofanti v. Pennsylvania Railroad Co., 244 Pa. 255; Rummel v. Dilworth Porter & Co., 131 Pa. 509; Strawbridge v. Bradford, 128 Pa. 200.

The evidence complained of in the third assignment of error was admissible: Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; Smith v. Philadelphia Traction Co., 202 Pa. 54.

OPINION BY MR. JUSTICE FRAZER, February 8, 1915:

Plaintiff sought to recover damages for the death of her husband, which she alleges was caused by defendant's negligence. Her husband was employed by defendant as a laborer at the Queen Lane Pumping Station in defendant city, and at the time of the accident, which resulted in his death, was working as a "coal passer." It was his duty in connection with other employees, to load the coal on a car having a capacity of approximately a ton; to push the same to an elevator by which it was raised from the basement to the floor above, known as the boiler or fire-room floor. The elevator, which was intended for freight purposes only, was 7 ft., 11 inches in length, and 5 ft., 6 inches in width, and was operated by hydraulic power between the basement and the boiler-room floor, a distance of 11 ft., 10½ inches, requiring 56 seconds to make the trip between the two floors. It was started by operating a valve located a short distance from the elevator, and automatically stopped when it reached its destination. There was no means provided by which it could be stopped while in transit. The loaded cars were pushed by the workmen upon a turntable, which was attached to and made part of the elevator, and when the elevator reached the first floor the car was run off on a track to a point near the boilers and unloaded. In taking up the coal,

it was customary for the coal passers to ride on the elevator standing at the corners of the car.

On the day of the accident after placing the car on the elevator, plaintiff's husband with two other employees got upon the platform, applied the power and started for the floor above. Almost immediately, and while the elevator was in motion, the turntable upon which the car rested, began to sway or tilt to one side which alarmed the plaintiff's husband, who left the place at which he was standing and made an effort to leave the elevator. Finding the distance too great to the basement floor, he attempted to return to the position previously occupied by him near the car, and in so doing was caught between the elevator and the floor, and crushed to death. Defendant's chief engineer, who had charge of the pumping station and of all persons employed there, was familiar with the practice of the coal passers in using the elevator in going from one floor to the other, but made no objection to their doing so, nor was a notice posted in the station or at any other place prohibiting the use of the elevator by employees. That the turntable had to some extent become defective by reason of several of the wheels used in its operation having become flattened, is established by the testimony, and also that this defective condition at times caused the car, especially when filled with coal, to tilt to one side or the other. This condition had existed for about one year previous to the accident to plaintiff's husband. The negligence alleged was the use of an elevator with defective parts, which were not known to plaintiff's husband. At the trial a verdict was rendered in favor of plaintiff, which was followed by a motion for judgment for defendant, non obstante veredicto. This motion was refused by the court below, and that action assigned as error. The first, second and fourth assignments of error, raise the question now before us, namely, whether under the facts as stated above the court below erred in not directing a verdict for defendant or in

not entering judgment in its favor, non obstante veredicto. It is well established law that a master owes his servant the duty of providing for him a reasonably safe place in which to work and reasonably safe instrumentalities with which to perform his work; and it is also settled that where dangers from defects exist and are as apparent to the employee as to employer, the former will be held to have assumed the risk.

Plaintiff's husband had been working as a coal passer for six days previous to the accident and was not aware of the defect in the turntable which caused the car to tilt; that condition, however, was known or should reasonably have been known to the engineer in charge of the pumping station. Witnesses testified that for at least one year previous to the accident, cars on the turntable had from time to time swerved or tilted, and that while no accidents resulted from such tilting, injury to employees was averted by their familiarity with the use of the elevator. Such knowledge, however, cannot be attributed to plaintiff's husband.

It is argued by appellant that McFadden voluntarily assumed a position of peril which he could easily have avoided had he remained standing near the car, and that in so doing he is chargeable with contributory negligence, and that it was the duty of the trial judge to so charge. We cannot agree with this contention. It is not claimed that he was aware of the flattened wheels in the turntable constructions, nor does it appear anywhere in the testimony that he knew that a tilting or swerving of the turntable was likely to happen. While it is true that he declined to use the elevator upon previous occasions and used the stairs leading to the boiler-room floor instead of riding on the elevator with those engaged with him, his refusal was not the result of knowledge of a defect in the turntable appliances and the likelihood of its tilting or swaying while traveling from one floor to the other, but rather from the danger of riding in a place that was open and unguarded. Nor

could the trial judge have charged as a matter of law that McFadden was guilty of contributory negligence in not using the stairs instead of the elevator, when plaintiff's testimony was sufficient, if believed, to show that the large quantity of coal in the basement, about 150 tons, blocked the way to them and prevented their use. Neither can contributory negligence be imputed to him because he left a place of safety for one of danger. He undoubtedly and in good faith believed he was in peril when the car tilted and did what the average person would do under similar circumstances, attempt to get off the elevator. Whether in so doing, his act was that of a prudent man, was for the jury and was fairly presented by the court below.

The third assignment of error relates to the admission of evidence intending to show that the method of starting, stopping and controlling the elevator in question was not the method in usual and customary use. It had already been shown that the elevator was without means of being stopped between the two floors, and that if control from the car had been possible the accident would not have occurred. This testimony was in point especially in view of the testimony to the effect that the device used was not the customary and usual method for controlling elevators of the class in use at the Queen Lane Station, and further that such elevators should be equipped so that they could be controlled and a stop made at any time. One witness testified that he knew of no other elevator equipped with a starting and stopping appliance similar to the one in this case. The method used in the Queen Lane elevator was not only unusual but was more dangerous than systems in ordinary use. The testimony was therefore properly admitted: Cunningham v. Ft. Pitt Bridge Works, 197 Pa. 625. Although this assignment of error is defective in not stating the name of the witness under examination, whose testimony is referred to above, we have under the

circumstances of this case given it consideration: Gerwig v. Johnson Co., 207 Pa. 585.

The assignments of error are overruled and the judgment affirmed.