Robert J. Brashear v. Philadelphia Traction Company, Appellant.

*Negligence—Remote and proximate cause—Sudden starting of car.*

In an action by a husband against a street railway company to recover damages for the death of his wife, the evidence tended to show that the deceased was injured by the sudden starting of a car as she was in the act of getting on the rear platform. The evidence also showed that the deceased felt at once the physical effect of her injuries, followed the next day by symptoms of premature childbirth, which occurred a few days later, and was followed by tetanus, which caused her death. The medical testimony agreed that while tetanus resulting from childbirth is comparatively rare, yet that there is a distinct relation between tetanus and childbirth, especially miscarriage, and that it is one of the natural and probable consequences to be apprehended. *Held*, that the question whether the injuries caused by the sudden starting of the car were the proximate cause of the death was for the jury.

Argued Jan. 13, 1897. Appeal, No. 474, Jan. T., 1896, by defendant, from judgment of C. P. No. 3, Philadelphia County, June T., 1895, No. 977, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Trespass for death of plaintiff's wife. Before Finletter, P. J.

At the trial it appeared according to plaintiff's testimony that on January 2, 1895, plaintiff's wife was injured by the sudden starting of a car as she was in the act of getting on the rear platform. On January 28, 1895, she died from tetanus or lockjaw. Other facts appear by the opinion of the Supreme Court and by the charge of the court below which was as follows:

The plaintiff claims to recover for the loss of his wife's services, and he claims that her death was the result of the carelessness and negligence of the employees of the defendant. The plaintiff cannot recover unless it appears that those in charge of the car at the time, were negligent, and that the injury complained of resulted from that negligence. In addition to that it must also appear from the evidence that the plaintiff's wife was not negligent in anything that contributed

to the accident.    It is negligence in those in charge of the car
to start the car while a passenger is about to enter the car, or
about to leave it, if the fact of the starting causes an accident
or injury.    At the same time it is negligence in a passenger to
attempt to leave a car or get upon a car whilst it is in motion ;
especially if that act of entering or leaving the car contributed,
in any degree, to the accident complained of.    In this case, it
does not appear that there were any witnesses to the transaction
except the husband, and there is no evidence, as I understand
it, in this case, as far as the wife was concerned, to show exactly
what she did, upon that occasion.    Under such circumstances,
there is a presumption of law always, that the passenger acted
with discretion ; so that in this case it leaves only for the con-
sideration of the jury, the question of negligence of those in
charge of the car.

The plaintiff in this case has sworn to a condition of things
which would indicate clearly that the conductor had started the
car while his wife was attempting to get upon it, and if the
jury are satisfied of that fact, it necessarily establishes the fact
of the negligence of the defendant.    In considering all evi-
dence, all testimony, it is the duty of the jury to regard the cir-
cumstances, and the characters of the witnesses themselves, and
it is especially the duty of the jury to ascertain what interest
the witness may have in the subject of the inquiry.    It is not
evidence that the jury should regard, that simply because a
thing has been sworn to, it is true.    Unless the jury are sat-
isfied from a careful and full consideration of the evidence itself,
and all the circumstances of the case, that the witness is trust-
worthy, and that they can safely rely upon his testimony, the
evidence of such witnesses drops out of the case, and should
not be considered.    In this case, the plaintiff is, of course, inter-
ested in every penny that a verdict at your hands may give him.
Whilst it would be a very great injustice to disregard the evi-
dence of a witness who is interested in some way, still, it calls
for the jury to carefully consider not only his testimony, but
all the evidence in the case, in order that they may arrive at a
fair and just conclusion.    In this case, the testimony of the
plaintiff affects only the accident itself.    It goes to no other
portion of the case.    Therefore, the jury need not regard his
interest after they have settled the question of the belief of his

testimony as to the cause of the accident. The results of that accident have been testified to by other witnesses, and it is the duty of the jury to consider those witnesses.

As to the occurrence of the accident itself, the defendants have produced those in charge of the car at that time, or about the time it is alleged by the plaintiff that the accident occurred. There may be circumstances under which what we call negative testimony should be as conclusive as positive testimony. You will understand as being positive testimony, that which is sworn to as a positive fact—having been seen and heard. The defendant's testimony is negative, that is to say, they neither saw nor heard of this accident, and, as I said, there might be a case where negative testimony ought to be as conclusive as positive testimony. Of course, it is for the jury to say whether the evidence of the defendant is of that character. If you are satisfied by this negative testimony, that would end the case and the verdict should be for the defendant. However, if you are satisfied with the evidence of the plaintiff, as to the cause of the accident, and that it is such that you can rely upon it, then the question of damages arises. [It appears from the evidence of the physicians that the plaintiff's wife's death was caused by lockjaw, and that that resulted from premature birth,] [1] and the plaintiff contends that that premature birth was caused by this accident. [The very first question, therefore, for the jury to determine is : Was this premature birth caused by the alleged accident; because, unless the plaintiff has clearly established that to the satisfaction of the jury, it is not necessary for the jury to consider the case any further, and in that event the verdict should be for the defendant.] [3] [If you come to the conclusion that the premature birth was caused by the accident, and that death resulted, and was naturally and necessarily caused by the premature birth, then you are to consider the question of damages. I do not think, under the evidence, that the defendant could have contended that this death was not the necessary result of the premature birth, because that seems to be established by the very best kind of testimony, and you would be bound to consider it.] [2]

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*J. Howard Gendell*, for appellant.—The starting of the car was not the proximate cause of the death : Wood v. Penna. R. R., 177 Pa. 306; Scott v. Allegheny Valley Ry., 172 Pa. 646; Ry. Co. v. Trich, 117 Pa. 390.

*J. W. Goheen*, for appellee.—In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence of the negligence, such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act: Hoag v. R. R., 85 Pa. 293; Haverly v. R. R., 135 Pa. 50.

The inquiry must always be whether there was any intermediate cause, disconnected from the primary fault, and self-operating, which produced the injury: Bunting v. Hogsett, 139 Pa. 363; Quigley v. Canal Co., 142 Pa. 389; Milwaukee Ry. Co. v. Kellogg, 94 U. S. 469; Sutherland on Damages, sec. 29; Drake v. Kiely, 93 Pa. 492; Terre Haute R. R. v. Buck, Admr., 96 Ind. 346; Brown v. Ry. Co., 54 Wis. 342; Ginna v. R. R., 8 Hun, 494; Purcell v. Ry. Co., 48 Minn. 134; Beauchamp v. Mining Co., 50 Mich. 163; Lippert v. Crane Elevator Co., 63 Fed. Rep. 942.

OPINION BY MR. JUSTICE FELL, March 22, 1897:

Whether the injuries to the plaintiff's wife caused by the sudden starting of the car as she was in the act of getting on the rear platform were the proximate cause of her death was clearly a question for the jury. She felt at once the physical effect of her injuries, followed the next day by symptoms of premature childbirth, which occurred a few days later, and was followed by tetanus, which caused her death. The medical testimony agreed that, while tetanus resulting from childbirth is comparatively rare, there is a distinct relation between it and childbirth, especially miscarriage, and that it is one of the natural and probable consequences to be apprehended. There was no evidence which would have justified the court in saying that there was an intervening independent cause.

The parts of the charge assigned for error should be consid-

ered in their connection as they appear in the charge, and not as separated and transposed in the assignments. So considered they are free from error. It did appear from the evidence that death was caused by lockjaw, which resulted from premature birth, and the case was tried by both sides on that theory. The causal connection was shown, and the continuity of effect was traced through the succession of events. No other cause of death was assigned. True, it was shown that the disease was caused by specific infection, but by the same witnesses it was shown that the miscarriage made the deceased especially liable to infection. The statements in the charge rest upon the uncontradicted testimony in the case, and seem to be fully warranted by it.

The judgment is affirmed.