## McGinley v. Central Railroad Company of New Jersey, Appellant.

*Negligence—Railroads—Defective car—Duty of inspection— Mining company.*

Where a railroad company, after it has had an opportunity of inspecting a car, delivers such car with a defective brake to the car crew of a mining company, and a member of such crew is injured by reason of the defective brake while the car is being moved on to a siding of the mining company for the purpose of being unloaded, the railroad company will be liable in damages to the member of the mining company's crew who was injured.

Submitted March 4, 1912. Appeal No. 325, Jan. T., 1911, by defendant from judgment of C. P. Carbon Co., Jan. T., 1906, No. 28, on verdict for plaintiff in case of John McGinley v. The Central Railroad Company of

New Jersey.  Before MESTREZAT, POTTER, ELKIN, STEW-
ART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.
Before HEYDT, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $10,000.  De-
fendant appealed.

*Error assigned* was in refusing binding instructions
for defendant.

*Jackson E. Reynolds, Frederick Bertolette, George
Holmes* and *Laird H. Barber,* for appellant, cited:
Spisak v. R. R. Co., 152 Pa. 281; Miller v. Ry. Co., 216
Pa. 105; White v. R. R. Co. 54 Atl. Repr. 586; Savings
Bank v. Ward, 100 U. S. 195; Langridge v. Levy, 2 Mees.
& Wel. 519; Loveland v. Burke, 120 Mass. 139; Goodland
Mill Co. v. Oil Co., 63 Fed. Repr. 400; Bennett v. R. R.
Co., 102 U. S. 577; Chicago I. & L. Ry. Co. v. Martin, 31
Ind. App. 308, (65 N. E. Repr. 591).

*J. O. Ulrich* and *L. C. Scott,* for appellee, cited: White
v. R. R. Co., 54 A*l. Repr. 586; Pa. R. R. Co. v. Snyder,
55 Ohio 342; Moon v. R. R. Co., 46 Minn. 106 (48 N.
W. Repr. 679); Stewart v. Harvard College, 94 Mass. 58;
McGinley v. Coal & Nav. Co., 224 Pa. 408; Rehm v. R.
R. Co., 164 Pa. 91.

PER CURIAM, March 18, 1912:

The defendant company is a common carrier.  On
December 17, 1903, it delivered one of its freight cars
to the Chestnut Ridge Railway Company at Lehigh Gap.
The car was taken to Kunkletown, loaded with prop
timbers, returned to the Gap, where it was delivered,
December 18, 1903, to the defendant company, which
transported it via Mauch Chunk to Hauto, and there
placed it on the delivery siding of the consignee, the

Lehigh Coal and Navigation Company. The following morning the crew of the latter company, including the plaintiff, a brakeman, removed the car into a blind siding of the consignee's yard at Hauto. While engaged in removing the car, the plaintiff applied the brake which gave way, and he was thrown forward and fell from the car, which passed over him and cut off both legs. It appeared that the brake chain had been broken and tied with a wire which broke when the plaintiff applied the brake. This action was brought against the defendant to recover damages which the plaintiff alleges resulted from and were caused by the negligence of the defendant company in failing to inspect the car before delivering it to the consignee. The trial resulted in a verdict and judgment for the plaintiff. The defendant has appealed.

The defendant company contends that the plaintiff not being engaged in its service at the time he was injured owed him no duty to inspect the car for his protection, that it was not negligent, and that there was no causal connection between the alleged negligence and the accident. Neither of these contentions can be sustained. It is the settled law of this State that a receiving carrier must inspect all cars it transports, and is liable to its own employees for injuries resulting from a failure to perform the duty. The defendant company had the opportunity to inspect the defective car at Lehigh Gap, Mauch Chunk and Hauto before the company delivered it to the Lehigh Coal and Navigation Company at the latter place. The defendant knew when it delivered the car to the consignee's delivery siding that it would be moved by the consignee's crew to another place for unloading, and it owed a duty to that crew, one of which was the plaintiff, to properly inspect the car and deliver it to the consignee's siding in a reasonably safe condition: McConnell v. Pennsylvania Railroad Company, 223 Pa. 442. The Lehigh Company is not a common carrier but a mining company and received the car simply for the purpose of removing the prop timbers

from it. Hence there was no duty of inspection resting upon it, the failure of which imposed liability to an injured employee of that company.

The breaking of the defective brake-chain was the direct and immediate cause of the accident, and the failure, by proper inspection, to discover the effect and remedy it was properly found by the jury to be negligence.

The judgment is affirmed,