# Shoemaker v. Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Car inspection.*

1. In an action by a brakeman against his employer, a railroad company, to recover damages for personal injuries resulting from a defective brake, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where the evidence shows that the defect in the brake was not patent and obvious; that the last inspection was nearly two months before the accident; that the only force applied at the inspection was about fifty pounds, while the necessary strain to which the brake was subjected in ordinary use was three times that weight; and that the plaintiff at the time of the accident only applied force enough to take up the slack in the brake chain, a force not nearly as great as ordinarily applied in setting the brake.

2. A railroad company cannot be relieved from positive duty to properly inspect a brake by showing a servant employed for this purpose failed in the performance of his duties. The fellow servant rule has no application to such a case.

Argued March 12, 1912. Appeal, No. 21, Jan. T., 1912, by defendant, from judgment of C. P. Bradford Co., May T., 1910, No. 418, on verdict for plaintiff in case of Otis W. Shoemaker v. Lehigh Valley Railroad Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FANNING, P. J.

At the trial it appeared that the plaintiff was employed as a brakeman by the defendant, and that on October 4, 1909, while at work in the Sayre yards, and in the act of tightening a hand brake, the shaft broke, and the plaintiff fell to the ground and was injured. Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,208.32. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant and (2) refusal of judgment for defendant n. o. v.

*R. W. Barrett,* with him *E. H. Boles,* for appellant.— The burden is upon the plaintiff to show that the defendant company had knowledge of the alleged break prior to the accident, or that the defect was such, that by reasonable inspection, it could have discovered it. In this, the plaintiff has failed, entirely in his proof: Service v. Shoneman, 196 Pa. 63; Kilbride v. Carbon Dioxide & Magnesia Co., 201 Pa. 552; McAvoy v. Penna. Woolen Co., 140 Pa. 1; Mensch v. Penna. R. R. Co., 150 Pa. 598; Dickerson v. Cent. R. R. of N. J., 189 Pa. 567; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301; Mixter v. Imperial Coal Co., 152 Pa. 395; Becker v. Central R. R. of N. J., 3 North. County 402; Simpson v. Pittsburgh Locomotive Works, 139 Pa. 245; Allegheny Heating Co. v. Rohan, 118 Pa. 223; Bradbury v. Coal Co., 157 Pa. 231.

Inspectors and brakemen or trainmen are co-employees or fellow-servants: Smith v. Potter, 2 Am. & Eng. R. R. Cases 140; Nashville, Chattanooga & St. Louis Ry. Co. v. Foster, 11 Am. & Eng. R. R. Cases 180; Mackin v. Boston & Albany R. R. Co., 15 Am. & Eng. R. R. Cases 196.

*Wm. G. Schrier,* with him *Chas. E. Mills,* for appellee. —It is not only the duty of the master to furnish to its servants suitable and safe appliances with which to work but to see that the appliances are adequately inspected, both visibly and manually as the case may be, from time to time to insure safety: Morton v. R. R. Co., 81 Michigan 423 (46 N. W. Repr. 111) ; Felton v. Bullard, 94 Fed. Repr. 781; Texas & P. Ry. Co. v. Allen, 114 Fed. Repr. 177.

The fellow servant rule did not apply: McConnell v. Penna. R. R. Co., 223 Pa. 442.

OPINION BY MR. JUSTICE ELKIN, April 15, 1912:

The question for decision here is whether the case was for the jury under the facts. It turns upon the question of the adequacy of the inspection. The defect in the brakes which caused the accident was not patent and obvious and there is no evidence that appellant company knew of the defective condition prior to the accident. If the case rested on the question of prior knowledge of the defective brake there could be no recovery because there was no proof upon which to base such a finding, but that there was a serious defect in the brake is shown by what happened at the time of the accident. The general rule is that the master is not chargeable with knowledge of a latent defect in an appliance which an inspection would not discover, and this rule is relied on by appellant to relieve it from liability in the present case. The brake was inspected in a certain way, but the inspection did not disclose the defective condition. The controlling question, therefore, is whether the inspection which the company caused to be made is a complete bar to a recovery. Was it an adequate inspection, and who is to decide the question of adequacy? Is it to be determined by the court as a matter of law, or by the jury under proper instructions? The learned trial judge submitted it to the jury in a fair

and impartial charge free from just criticism. No complaint is made as to the manner of the submission, the position of the appellant being that it should not have been submitted at all. In many cases, no doubt, the trial court would be warranted in saying as a matter of law, the inspection was adequate, and that there could be no recovery because the proofs did not disclose negligence. On the other hand, there are many cases in which it is the province of the jury to pass upon the adequacy of the inspection, and, to say under all the circumstances whether it was sufficient to protect those whose duties required them to make use of the appliance. It is true the master is not required to resort to tests which are impracticable, or unreasonable, or which would be incompatible with the proper transaction of his business, because such tests would make the master an insurer of absolute safety, which is not the law. But the master is bound to make a reasonably careful inspection of tools and appliances provided for the use of his servants, when they come into his hands, and his duty requires him to repeat such inspections from time to time and as frequently as may be necessary, having regard to the exigencies and risks of the business in which he is engaged. It is not essential that the employer should have actual knowledge of the defective appliance, but it is sufficient if he could have known it by the exercise of reasonable care and diligence in making inspections and repairs. The last inspection of the car and brake in question here was made on August 13, 1909, and the accident happened on October 4, 1909. The only force applied at the time of the inspection of the brake in question, as shown by the testimony, was about fifty pounds, while the necessary strain to which the brake was subjected when in ordinary use, was the whole weight of an able-bodied man, and at times a still greater force. In actual use the maximum force frequently applied was 150 pounds and more, a much greater force than was applied by the inspector in test-

ing the brake. The plaintiff at the time of the accident only applied force enough to take up the slack in the brake chain, a force not nearly as great as ordinarily applied in setting the brake. That it broke under so slight a strain clearly shows the defective condition, and, in our view of the case, the facts were sufficient to warrant the jury in drawing an inference that the defect would have been discovered if the inspection had been adequate. This view finds support in Morton v. R. R. Co., 81 Mich. 423; Felton v. Bullard, 94 Fed. Repr. 781; Texas & P. Railway Co. v. Allen, 114 Fed. Repr. 177; Phila. & R. Railroad Co. v. Huber, 128 Pa. 63. We therefore conclude that the case was for the jury on the question of the adequacy of the inspection, and we find no error in the manner of its submission.

The second position of appellant, that the injuries complained of were occasioned by the negligence of a fellow servant for which the company is not liable, is without merit under the facts of this case. This branch of the case is ruled in principle by McConnell v. Railroad Company, 223 Pa. 442. The master cannot be relieved from a positive duty to properly inspect by showing that a servant employed for this purpose failed in the performance of his duties.

Judgment affirmed.