# Hultgren v. Erie Water Works Commissioners, Appellants.

*Negligence—Master and servant—Tools and instrumentalities— Deterioration of steel chain—Annealing—Case for jury.*

In an action by an employee to recover damages for personal injuries the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appears that the plaintiff was injured by the breaking of a steel hook which formed part of a chain being used by himself and others, that the chain had been in use by the defendant for a period of twelve years or more, without being annealed, and that the broken hook showed a condition of crystallization; and where there was expert testimony that such a chain would by continual usage become fatigued and crystallized and lose its original strength, and that such crystallization could be, and customarily was, prevented by the process of annealing about once a year.

Argued April 26, 1915. Appeal, No. 331, Jan. T., 1914, by defendant, from judgment of C. P. Erie Co., Feb. T., 1913, No. 180, on verdict for plaintiff in case of Samuel M. Hultgren v. Commissioners of Water Works in the City of Erie. Before MESTREZAT, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass for personal injuries.

The facts appear in the following opinion of WALLING, J., sur defendant's motion for judgment n. o. v.

The evidence justifies the conclusion that the plaintiff while in the employ of the defendants, was injured by the breaking of a steel hook which formed a part of the chain being used by the plaintiff and other employees at the time of the accident, and that this chain had been in use by the defendants for twelve or more years. And that the said hook, when in normal con-

dition, was capable of sustaining several times the weight to which it was subjected at the time of the accident.

The hook, after the break, showed a certain condition of crystallization, and it was the theory of plaintiff that the break resulted therefrom. One H. Edsil Barr, having qualified as an expert, testified that a steel chain or other similar implement, would by continued usage become fatigued or crystallized and lose its original strength. He also testified that such crystallization could be prevented by a process known as annealing,— that is, by subjecting the chain to a high temperature and then allowing it cool slowly. And in substance, that such matters were of common knowledge in the business and that it was a general custom among users of such chains to cause them to be annealed about once a year to prevent crystallization. He further testified that the hook in question had been weakened by such crystallization, but could not say to what extent.

The breaking of the hook disclosed a small flaw at or near the center thereof, which covered not more than one-thirty-second part of the cross section of the hook at the break. The evidence also tended to show that the chain in question of which the said hook formed a part, had not been annealed or retempered during the said twelve years.

The flaw was too small to materially weaken the hook and beside the hook, notwithstanding the flaw, had stood the work of years, and only broke after it had become weakened by crystallization, and we believe justified the conclusion at which the jury arrived, that such weakening caused the break. The evidence indicated that the hook had become brittle by long usage.

We see no difference in principle between this case and that of a bridge timber which had become weakened by lapse of time and consequent decay. In such case, should an accident result from the breaking of such timber and should such break disclose a decayed condition,

probably no one could say just to what extent the decayed condition of the timber had caused the break,—yet would not a jury be justified in finding that such condition had caused the break, even though such break might disclose a small knot covering perhaps one thirty-second of the size of the timber? For while sound, the timber was amply capable of supporting the weight to which it was subjected and did support it, and would the conclusion not be justified that it was the decayed condition rather than the knot which caused the timber to break? And in the case at bar, is it not a reasonable conclusion that the crystallized or brittle condition of the hook caused the break rather than the flaw? And if such crystallization resulted from defendants' failure to have the chain annealed, might not the jury find that such failure constituted negligence on the basis of Mr. Barr's evidence that it was the common usage of the business to cause such chains to be annealed perhaps once a year?

It is also urged for defendants that the alleged defect of such hook was not set forth in plaintiff's statement of claim. We examined such statement at the trial and have re-examined it, and we are still of the opinion that the statement was sufficient to permit plaintiff to offer the testimony as to this hook which was offered at the trial. It must be remembered that the hook was a part of the chain and one of the allegations in plaintiff's statement is that the defendants furnished chains, etc., for said work which were of insufficient strength and had insufficient lifting capacity to stand the strain to which they were subjected in performance of the work being done at the time of plaintiff's injury.

True, the statement is in general terms and perhaps might have been successfully demurred to, and if asked, we might perhaps have required plaintiff to have furnished a bill of particulars, but under the plea of not guilty, we believe the statement sufficient and we can

see no material disagreement between the allegations and the proofs.

It is also urged that plaintiff's statement makes no claim of the defendants' failure to inspect the chain in question. However, the real cause of plaintiff's complaint is not a failure of inspection but a failure to keep the chain in question in proper condition for use by neglecting to cause the same to be annealed as above stated.

On the whole case, we see nothing to justify entering judgment for the defendants notwithstanding the verdict.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing defendants' point for binding instructions and in refusing defendants' motion for judgment non obstante veredicto.

*W. S. Carroll,* with him *J. M. Sherwin,* for appellants.

*M. Levant Davis,* with him *R. J. Firman,* for appellee.

PER CURIAM, May 10, 1915:

The judgment is affirmed on the opinion of the learned court below discharging the rule to show cause why judgment should not be entered for the defendants non obstante veredicto.