PRESTON v. WESTERN UNION TELEGRAPH CO.

(District Court, E. D. Pennsylvania. November 1, 1917.)

No. 4154.

DEATH ☞39—ACTION FOR WRONGFUL DEATH—LIMITATION.

Under the Pennsylvania statute giving a widow a right of action for the wrongful death of her husband, to be asserted within a year after the death, such an action is not barred by the fact that an action by the decedent for the injury would be barred by limitations.

At Law. Action by Mary E. Preston against the Western Union Telegraph Company. Sur motion by defendant for a new trial. Motion granted.

Hugh Roberts, of Philadelphia, Pa., for plaintiff.

Wm. B. Linn, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. As this case must be retried, the usual rule of refraining from a discussion of its merits further than to indicate the reasons for making the present rule absolute, so far as may affect the course of the retrial, will be followed.

1. The plea of the statute of limitations. Whether the requirement of the Pennsylvania statute that suit be brought within a year of the death be viewed as a statute of limitations or as one of the conditions of the grant of a right of action, the statute is no bar to the action because its provisions have been complied with.

The corollary, and we think the real question (in this aspect of the case) of whether the right of action given the widow is given only if at the time of death the decedent himself had an unasserted right of action for the injury is dependent upon the meaning of the statute. The cases which so rule were ruled under the Indiana and other statutes which so expressly provide. The Pennsylvania statute does not so provide and Nestelle v. Railroad (C. C.) 56 Fed. 261, supports the doctrine that the right of action given to the widow to be asserted within two years of the death is not barred by a statute which required ex delicto actions to be brought within two years of the date of the injury. The plea of the statute of limitations in this case is therefore ruled to be no defense to the present action.

2. The release. The issue having been raised of whether the release was executed by the decedent, this must go to the jury to be determined. Hogarth v. Grundy, 256 Pa. 451, 100 Atl. 1001.

3. Was death due to the negligence of the defendant? This is a vital and may be found to be the controlling question in the cause. The artificial aid of some time limit between cause and effect—negligence and death—such as that established in indictments for homicide, pleas of death, inquisitions of deodands, and the like is denied to us. Railroad v. Clarke, 152 U. S. 235, 14 Sup. Ct. 579, 38 L. Ed. 422.

The finding of negligence as the cause of death by tracing the death back along an unbroken and connected chain of causes to the negligence with no independent cause intervening becomes a necessity. In

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the absence of any intervening cause and of the great lapse of time which is here present, the links in such chain might be found in negligence resulting in an electric shock, with or without an accompanying fall, causing physical injuries, producing insensibility or unconsciousness, which was recurrent at short intervals so as to be almost continuous, this condition developing convulsions which in turn developed epilepsy, causing insanity and death. Brashear v. Traction Co., 180 Pa. 392, 36 Atl. 914; McCafferty v. Railroad, 193 Pa. 339, 44 Atl. 435, 74 Am. St. Rep. 690; Guckavan v. Traction Co., 203 Pa. 521, 53 Atl. 351.

The length of time, however, which did elapse between injury and death and other features of the facts of this case which bear upon the intervention of other causes makes the call for expert opinion evidence almost imperative. The basis of such opinion evidence may be facts within the knowledge of the expert, to which he may himself testify, or may be a hypothetical statement of facts established by other evidence. Whatever the basis is, it should be made clear and kept in view, as the value of the opinion evidence depends wholly upon the establishment of these basic facts. Unless this care is observed, any verdict rendered is without support and no judgment can be entered upon it. The practical importance of this is enhanced by the conditions under which trials are had in the room in which the case was tried. The acoustics of the room are so bad that it is difficult at times to hear the testimony, and the impressions received at the time are required to be confirmed by a reference to the stenographer's notes.

The complaint is made by the defendant that the verdict was based in part upon the impression that two physicians had testified to the opinion that the death of the plaintiff's husband was due to an electric shock, and that in fact no such opinion was expressed by one of the witnesses, and the opinion of the other was based upon a statement of fact made to him which had no support in the evidence. This complaint we feel constrained to find is in part well founded. At least there was a failure on the part of the plaintiff to fulfill the duty of making the basis of the expert opinions sufficiently clear to enable the value of the opinion to be properly appraised.

4. Negligence and damages. The principles controlling the determination of the question of negligence are too well settled to require discussion, and there is no controversy over the measure of damages.

The motion of defendant is allowed, and a new trial is granted.