## McConnell *v.* Moosic Mountain Coal Co., Appellant.

*Negligence—Explosion—Master and servant—Vice principal— Boiler inspection—Case for jury.*

The question whether a defendant had performed its duty in the employment of competent men to inspect its boiler, is properly submitted to a jury with instructions that would permit a finding against it, if it had not exercised reasonable care in that respect, and would prevent one if it had. The duty to provide a safe place to work and to maintain it in a reasonably safe condition by inspection and repair, is a direct personal and absolute obligation from which nothing but performance can relieve an employer, and the person to whom it is delegated becomes a vice principal, whose neglect is the neglect of the employer.

In an action to recover damages for the death of a minor son, who was killed in a boiler explosion, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence was sufficient to warrant a finding that the accident occurred by reason of faulty inspection of boilers, and failure to make necessary repairs.

In such a case it was not error for the court to charge that if the inspector fully performed his duty the defendant would not be liable, but that if the inspection was not complete or the inspector incompetent the defendant would be responsible for any defect in the inspection.

Argued March 2, 1920. Appeal, No. 2, March T., 1920, by defendant, from judgment of C. P. Lackawanna County, Oct. T., 1916, No. 281, on verdict for plaintiff in the case of Jefferson McConnell v. Moosic Mountain Coal Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's minor son. Before EDWARDS, P. J.

The court charged in part as follows:

I will try to explain to you in a very simple way, so that you will thoroughly understand, what the particular negligence in this case is. You heard the testimony of Mr. Caines in regard to the manner in which the accident happened. He described to you that he was a fireman, and that Thomas McConnell,—the young man that was injured and subsequently died as a result of the injuries,—and he were working together; that he, Caines, was a fireman, and that this young man took care of the ashes and also assisted him as fireman in connection with the boiler; and on the day mentioned, in October, 1915, while both of them were pursuing their employment and both in the fireroom at the time, the blow-out pipe burst, and the result of that was the burning of the boy and subsequently his death. It has been explained to you that this blow pipe is placed in a thing known as a bushing, and that that bushing is placed in a flange, and it was described to you, I think, by Mr. Caines about this flange where the bushing was inserted that the threads had worn out and therefore that it was defective, and it was this defect that caused the bursting of the blow-out pipe. That is substantially what Mr. Caines's testimony is, and that is the cause of the accident, or that is the manner of the accident, according to the testimony of the plaintiff in this case and according to all the facts that bear upon that particular phase of the case.

105, (1920).] Charge of Court below—Assignment of Error.

The plaintiff claims, first, that the inspection was defective, that it was not thorough, that it was not complete, that if it had been such inspection as is contemplated in the law to provide for the reasonable safety of machinery and appliances of the kind that have been described in this case, it would have been discovered that the threads in this flange had worn out, and therefore that it was about time to have it replaced; and really the main point on the part of the plaintiff, so far as the particular negligence is concerned, is that this inspection was not sufficient, that it was not minute enough, under all the circumstances, and consequently the company did not exercise ordinary and reasonable care in the inspection of this boiler and of the machinery.

The evidence is not very extensive on that point. You heard the testimony of Mr. Forgeng, apparently a man of considerable experience, has been doing inspection of boilers for several years. He tells you that he made an inspection of this boiler, boiler No. 1, and the other boiler I think, No. 2, the boilers belonging to this company, the inspection being made by him in 1915, and that he gave a certificate, or whatever it was, a statement, that the boilers were in proper repair, and, of course, the company relied upon the report of the inspection made by Mr. Forgeng. If that inspection was complete, if Mr. Forgeng did his duty as an inspector, if Mr. Forgeng fully performed his duty, then the company would not be liable. But if the inspection made by Mr. Forgeng was not complete, was not as thorough as it ought to be under the circumstances and the surrounding conditions, then the company would be liable for any defect in the inspection on the part of Forgeng.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

108 McCONNELL v. MOOSIC M. COAL CO., Appellant.

W. W. Watson, for appellant.

A. A. Vosburg, and with him R. L. Levy, for appellee.

OPINION BY HEAD, J., April 24, 1920:

Unless the learned court below should have directed a verdict for the defendant, or thereafter entered judgment n. o. v. in its favor, this appeal must be dismissed.

The evidence adduced by the plaintiff clearly supported a finding, that at the time of the accident his minor son, who was fatally injured, was neither a trespasser nor a volunteer. He had been employed by the defendant company for several years, and the service he was performing at the time of his injury was that which he had been regularly engaged in during the entire period of his employment. It is true the defendant was able to show that the boiler, a portion of which gave way and caused the accident, had been recently inspected. The controlling question in the case turned on the adequacy of the inspection and the fitness of the inspector for his work. The question whether or not the agent, selected by the defendant to perform a duty which rested on the defendant, was competent, was a question of fact to be resolved by a jury under proper instructions from the trial court. The situation from a legal point of view is thus tersely stated by Mr. Justice FELL in Lillie v. American Car Co., 209 Pa. 161: "The question whether the defendant had performed its duty in the employment of competent men to make repairs was submitted with instructions that would permit a finding against it, if it had not exercised reasonable care in this respect, and would prevent one if it had. The duty to provide a safe place to work and to maintain it in a reasonably safe condition by inspection and repair, is a direct personal and absolute obligation from which nothing but performance can relieve an employer, and the person to whom it is delegated becomes a vice principal, whose neglect is the neglect of the employer." The learned

trial judge, we think, carefully followed the line marked out in the utterance of the Supreme Court we have just quoted, which was but a condensed statement of a legal principle universally recognized by the courts of Pennsylvania. Referring to the evidence as to the inspection that had been made, the learned trial judge thus instructed the jury, "If that inspection was complete, if Mr. Forgeng (the inspector) did his duty as an inspector, if Mr. Forgeng fully performed his duty, then the company would not be liable, but if the inspection made by Mr. Forgeng was not complete, was not as thorough as it ought to be under the circumstances and the surrounding conditions, then the company would be liable for any defect in the inspection on the part of Forgeng."

As we view it, this was a correct statement of the law and directed the minds of the jury to the real and controlling issue in the case. It is our judgment there was a question of fact involved in the case which required its submission to the jury, and the record being free from any trial errors there is left no ground upon which this appeal could be sustained. The assignments of error are overruled and judgment affirmed.