# Sullivan *v.* Baltimore & Ohio R. R., Appellant.

*Negligence—Railroads—Interstate commerce—Federal Employers' Liability Act of April 22, 1908, 35 Stat. 65, ch. 149—Evidence—Brakeman—Defective appliance—Case for jury—Happening of accident—Res ipsa loquitur.*

1. In an action for personal injuries under the Federal Employers' Liability Act, plaintiff must show not only that the carrier was engaged in interstate commerce, but also that he himself was so engaged at the time of the injury.

2. Where the evidence is clear enough to justify a declaration as to the class of work in which plaintiff was engaged, the court may so declare; but, where the question rests upon facts as to which there may be doubt, the solution is for the jury.

3. The fact that intrastate as well as interstate cars were included in the train upon which plaintiff was injured, does not alter the character of the service.

4. If plaintiff brings his suit under the Federal Employers' Liability Act, instead of the Safety Appliance Act, he is bound to present a case free from facts showing the risk was one which had been assumed by him when employment was accepted.

5. A railroad company is bound to exercise due care to ascertain whether its appliances remain in a reasonably safe condition, and to remedy any defects which may be discovered.

6. In an action by a brakeman against his employer for injuries sustained by the breaking of a defective ladder on a car, the case is for the jury where the only witness as to the defective condition of the ladder was plaintiff himself, and the witnesses for defendant testify that no such defect appeared upon inspection.

7. The mere fact of the happening of the accident gave rise to no presumption of negligence.

*Negligence—Injuries—Evidence—Expert testimony.*

8. In an accident case, testimony by a physician that a permanent injury complained of could have occurred from the accident, is insufficient, if the finding of the jury is to rest alone on expert testimony. To be effective, such witness must necessarily state at least that the present condition probably resulted from the injury.

9. Where one of two or more possible causes may have resulted in an injury, the burden is on plaintiff to show that the one for which defendant was responsible was the proximate cause, and

that the harm done followed as the natural and probable result, without the intervention of some intermediate agency not attributable to defendant's wrongful act.

*Appeals—Question not presented in court below—Statement of questions involved.*

10. Where a question is not raised in the court below, it will not be considered on appeal.

11. If a question is not included, or plainly suggested, in the statement of questions involved, it will not be considered by the appellate court.

*Appeals—Excessive verdict—New trial — Discretion of court— Abuse.*

12. The exercise of the power to set aside a perverse verdict, when injustice is apparent, is ordinarily for the court below. It is only where there is an abuse of discretion that a verdict will be set aside by the appellate court.

Argued October 25, 1921. Appeal, No. 105, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1917, No. 188, on verdict for plaintiff, in case of Ralph Sullivan v. Baltimore & Ohio Railroad Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before CARNAHAN, J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $18,000, on which judgment was entered for $12,000. Defendant appealed.

*Errors assigned,* among others, were (2) refusal of judgment for defendant n. o. v.; (3) entry of judgment for $12,000 and (6) refusal of new trial, quoting record.

*J. M. Wright,* of *Wright, Chalfant & McCandless,* for appellant.—To entitle plaintiff to recover under the Employers' Liability Act, there must be proof of negligence: Reese v. R. R., 239 U. S. 463; Bruggeman v. York, 254 Pa. 430; Alexander v. Water Co., 201 Pa. 252.

The verdict even as reduced by the court is so excessive as to entitle defendant to a new trial.

The work in which Sullivan was engaged at the time of the alleged accident was a local switching operation, and was not interstate commerce: Shanks v. R. R., 239 U. S. 556; Di Donato v. Ry., 266 Pa. 412.

Both the employee and the employer must be engaged in interstate commerce "at the time of the injury": Shanks v. R. R., 239 U. S. 556; Chicago, B. & Q. R. R. v. Harrington, 241 U. S. 177.

*R. P. Marshall,* with him *M. R. Marshall* and *Oliver K. Eaton,* for appellee.—That plaintiff owed a duty of inspection to the plaintiff is settled: McGinley v. R. R., 235 Pa. 576; Irwin v. R. R., 226 Pa. 156; McConnell v. R. R., 223 Pa. 442; Marsh v. R. R., 206 Pa. 558.

The judgment was not excessive.

The court did not abuse its discretion in allowing the verdict of $12,000 to be reduced to judgment: O'Hanlon v. Rys., 256 Pa. 394.

The parties were engaged in interstate commerce at the time of the accident: Shanks v. R. R., 239 U. S. 556; North Carolina R. R. v. Zachary, 232 U. S. 248; Louisville & N. R. R. v. Parker, 242 U. S. 13; New York Central, etc., R. R. v. Carr, 238 U. S. 260; Penna. Co. v. Donat, 239 U. S. 50; Great Northern Ry. Co. v. Otos, 239 U. S. 349; Erie R. R. v. Winfield, 244 U. S. 170; Whalley v. R. R., 248 Pa. 298; Murray v. R. R., 263 Pa. 398; Seaboard, etc., R. R. v. Koennecke, 239 U. S. 352; Pedersen v. R. R., 229 U. S. 146; St. Louis, S. F. & T. R. R. v. Seale, 229 U. S. 156; N. Y. Cent. R. R. v. Porter, 249 U. S. 168.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

The plaintiff was employed by defendant company as a brakeman in its railroad yards on the night of November 23, 1915, and claimed to have then suffered an injury. As was his duty, he stood on the top of a freight car for the purpose of signaling the engineer. Having performed this service, he attempted to descend to the

ground by means of a ladder provided for that purpose. It appeared by his testimony that one of the rungs broke or pulled from its socket, causing him to be thrown and hurt. Sullivan claimed he was employed in interstate commerce, and an action was brought to recover under the Federal Employers' Liability Act (Act April 22, 1908, 35 Stat. 65, ch. 149). The first trial resulted in a finding, which was set aside; the second hearing terminated in a verdict for $18,000, reduced as excessive, upon motion, to $12,000. From the judgment entered this appeal has been taken.

At the outset, it becomes necessary to determine the character of the service of the plaintiff. To make applicable the federal statute, it must appear not only that the carrier was employed in interstate commerce, but that the one injured was likewise so engaged at the time: Shanks v. D., L. & W. R. R., 239 U. S. 556. This was properly explained to the jury in the present instance, and, under the circumstances developed, the question was one for its consideration: North Carolina R. R. Co. v. Zachary, 232 U. S. 248, 58 L. Ed. 591. There may be cases in which the evidence is so clear as to justify a declaration by the court as to the class of work in which a claimant is engaged (Moyer v. P. R. R., 247 Pa. 210; Hench v. Penna. R. R. Co., 246 Pa. 1), but, where the question rests upon facts as to which there may be doubt, the solution is for the jury. Here, there was testimony from which it could be found that the plaintiff was employed in making up a train, on the tracks of defendant company, for delivery to a connecting railroad for through shipment. Both were at the time engaged in interstate business, and the particular train contained certain vehicles billed to points in other states. The fact that intrastate as well as interstate cars were included does not alter the character of the service: P. & R. Ry. Co. v. Polk, 255 U. S. 518. "The true test of employment in such commerce in the sense intended is, was the employee at the time of the injury

engaged in interstate transportation or in work so closely related to it as to be practically a part of it?" Shanks v. Railroad, supra. See also, Erie Railroad v. Winfield, 244 U. S. 170; Penna. Railroad v. Donat, 239 U. S. 50; Louisville & N. Railroad v. Parker, 242 U. S. 13. The jury, under proper instructions, found Sullivan was so occupied, and the conclusion reached was justified by the evidence adduced.

The Federal Employers' Liability Act therefore controls the rights of the claimant; the trial was had on this theory. The plaintiff might have instituted his action, basing his contention upon the Safety Appliance Act of March 2, 1893 (27 Stat. at Large, ch. 196), as amended by the Act of April 14, 1910 (36 Stat. at Large, ch. 160), and recovered without proof of negligence, if he showed that proper ladders were not provided on the cars about which he was employed: Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33; 1 Roberts Federal Liability of Carriers 921; 2 Id. 1368. But his demand was based on the former statute; as a result, it was incumbent upon him to prove lack of due care by the defendant, which was the proximate cause of the injury, and to present a case free from facts showing the risk was one which had been assumed by him when employment was accepted: Southern Pacific Company v. Berkshire, 254 U. S. 415.

To meet the burden, plaintiff described a fall from a ladder attached to the car,—an appliance provided by the railroad for use by the employees under circumstances here presented. He testified to the displacement of a rung, causing his sudden descent, and that an examination showed the ladder to be rusted and so worn throughout that it was "practically ready to fall away." This condition was observable to any one who examined it. It is true this evidence comes from the appellant alone, but it was for the jury. The contradiction of the statements, made by witnesses for defendant, which tended to show that no such defect appeared upon in-

spection made the same day, was for the consideration of that body, and the court below would not have been justified in treating the matter as one of law: Hartman v. Western Maryland Ry., 246 Pa. 460; Forrest v. Phila. Transit Co., 261 Pa. 383.

The mere fact of the happening of the accident gave rise to no presumption of negligence. Something more must appear to justify such finding: Weaver v. Wohlsen, 254 Pa. 375. The evidence shows, if believed, that the ladder was rusty and perceptibly fragile. Was the external appearance sufficient to indicate the danger, and that the railroad company had not performed its duty in making inspection of its cars? · Unless the employer had previous knowledge of the defect, or ought to have had such, he is not to be held responsible for injury resulting from some unforeseen event: Mensch v. P. R. R. Co., 150 Pa. 598; Desibia v. Ry., 262 Pa. 227. But if a proper examination would have disclosed the peril (Palkovitz v. Am. Sheet & Tin Plate Co., 266 Pa. 176; Allison v. Fitz Water Wheel Co., 250 Pa. 111; Hultgren v. Erie Water Works, 249 Pa. 437), the contrary is true. A railroad company is bound to exercise due care to ascertain if its appliances remain in a reasonably safe condition, and to remedy any defects which may be discoveed. The observable condition of the object may be sufficient to put it on guard: Case v. Lehigh Coal Co., 248 Pa. 598; McGinley v. C. R. R. of N. J., 235 Pa. 576. Here, if the ladder was in fact in the physical state described, the jury could find that a cursory examination would have called attention to the risk (Phila. & R. R. R. Co. v. Huber, 128 Pa. 63; McConnell v. P. R. R. Co., 223 Pa. 442; Rinehuls v. Ely, 247 Pa. 1); whereupon, the duty was imposed to make proper tests to discover the extent of the impairment, and to take such steps as might be required to prevent harm: Shoemaker v. Lehigh Valley R. R. Co., 236 Pa. 120; McConnell v. Moosic Mountain Coal Co., 74 Pa. Superior Ct. 105. The question involved was carefully

and correctly submitted to the jury, and the evidence justified the finding which it reached.

It is further insisted that no recovery can be had, since the proofs failed to clearly show that the injury, for which damages were sought, was the result of the negligent act. In March of 1915, Sullivan was operated upon for appendicitis, and testimony for defendant disclosed subsequent treatment by the doctors for a swollen leg. The plaintiff denied the existence of this condition, and offered proof of his good health at the time of the accident. The external hurt to his back and leg was described, the attention he received from the physicians of defendant, and, later, from others. His doctor testified the permanent injury complained of could have occurred from the fall. This in itself would be insufficient, if the finding of the jury was to rest alone on expert testimony. To be effective, such a witness must necessarily state at least that the present condition probably resulted from the injury, as was held in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, a case in which no evidence of any surface injury appeared, and the claimant relied solely on medical opinion. In the present instance, there were facts presented which, if accepted as true, would fairly justify the inference that the cause was as claimed by plaintiff.

It is undoubtedly the law that where one of two or more possible causes may have resulted in an injury, the burden is on the plaintiff to show that the one for which the defendant was responsible was the proximate cause, and that the harm done followed as the natural and probable result, without the intervention of some intermediate agency not attributable to the defendant's wrongful act: Miller v. Director General, 270 Pa. 330; Kemmler v. Penna. Co., 265 Pa. 212. Where, as here, there was evidence which would justify a conclusion that the injury, at least in part, was the result of the tort, the question is for the jury: Guckavan v. Traction Co., 203 Pa. 521; McCafferty v. P. R. R. Co., 193 Pa.

339; Brashear v. Phila. Tr. Co., 180 Pa. 392; Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244. Even if the proof was not sufficient as to the lasting damage to the leg,—as to this the jury was carefully instructed,— the plaintiff was entitled to recover for the temporary injuries, if the railroad had harmed him through its negligence. It is to be noted the evidence of Dr. Ralston, as to the cause of plaintiff's present condition, was not objected to as insufficient, nor was there any request to strike it out; no additional instructions were asked of the court; no point was presented as to the absence of proper proof to show a fixed future loss, nor was a new trial asked because of the submission of this question to the jury. The theory now urged was not presented to the court below, and it is too late to advance it here: Hurt v. Fuller Canneries Co., 263 Pa. 238. Even if merit appeared in the complaint raised at this time, it is not included, or plainly suggested, in the statement of questions involved, which is necessary, if a review is desired: Furman v. Broscious, 268 Pa. 119.

Again, we are asked to set aside the verdict as excessive, and award a new trial. It is insisted that the finding of the jury rests almost exclusively on the testimony of plaintiff, and that the contradictions are so many and so strong as to render any conclusion based thereon erroneous. A careful examination of the record does not convince us that the facts justify interference by this court, under the well-established rules which have been laid down as controlling in such cases. Where the result depends upon ascertainment of facts and inferences therefrom, the question is necessarily for the jury. The exercise of the power to set aside perverse verdicts, when injustice is apparent, is ordinarily for the court below: Maloy v. Rosenbaum Co., 260 Pa. 466. It is only where there is an abuse of discretion that a finding will be disturbed on appeal; on the grounds suggested: Willenpart v. Otis Elevator Co., 269 Pa. 131. Here, two trials were had, and in both instances the

judge presiding found the evidence sufficient upon which to base a verdict. Under the circumstances, we are not satisfied of reversible error in the refusal to grant a new venire.

All the assignments are overruled and the judgment is affirmed.